SC

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Thomas Hamilton,<br><br>    Plaintiff,<br><br>v.<br><br>NaphCare Inc.,<br><br>    Defendant. | No. CV 25-03451-PHX-JAT (JZB)<br><br>**ORDER** |

On September 19, 2025, Plaintiff Richard Thomas Hamilton, who is confined in Arizona State Prison Complex-Lewis, filed a civil rights Complaint under 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). On September 24, 2025, Plaintiff filed a motion to exceed the page limit for a motion for preliminary injunction (Doc. 6) and lodged a motion for preliminary injunction (Doc. 7).

The Court will grant the Application and the motion to exceed the page limit on his motion for preliminary injunction and order the lodged motion filed. In addition, the Court will order expedited service of the Complaint, the motion for a preliminary injunction, and this Order on Defendant NaphCare and will require an expedited response to the motion.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $30.16. The remainder

TERMPSREF

of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

TERMPSREF

(9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.   Complaint**

In his two-count Complaint, Plaintiff alleges the denial of constitutionally adequate medical care. Plaintiff sues NaphCare Inc. ("NaphCare"), a private entity responsible for providing medical care to Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR) prisoners pursuant to a contract with ADCRR. Plaintiff seeks injunctive, compensatory, and punitive relief.

In Count I, Plaintiff alleges the following facts:

Plaintiff has been incarcerated by ADCRR since 2018. In 2019, while Plaintiff was housed in the Special Management Unit of the Eyman Complex, Plaintiff was attacked by another prisoner, and was struck in the neck, face, and throat. Plaintiff was taken to the medical unit. At the time, Plaintiff was largely unable to talk, eat, drink, and swallow and had difficulty breathing. Plaintiff's injuries were documented but he was not taken to a hospital.

In the following weeks, Plaintiff was unable to eat dry foods, and suffered light-headedness, urinary complications, choking, and throat swelling. Plaintiff continues to suffer from most of those symptoms. Plaintiff's ability to breathe is "massively restricted" and he scores "a 150 on chronic care breathing tests" while the average score for an adult male is approximately 500-600. (*Id.* at 3.) Plaintiff's restricted breathing ability causes light-headedness and "symptoms consistent with hypoxia." (*Id.*)

Plaintiff has repeatedly submitted Health Needs Requests (HNRs) without receiving responses. Plaintiff also began submitting grievances. Plaintiff submitted his first informal complaint in September 2019 and was told that it had been forwarded to medical. Plaintiff continued the grievance process but never received any further response.

Several weeks after submitting his informal complaint, Plaintiff was taken off-site to be seen by Dr. Boyle, who told Plaintiff that there was nothing that he could do for

**TERMPSREF**

- 3 -

Plaintiff, and that only "Dr. Lott" could assist Plaintiff.[1] (*Id.* at 6.) Dr. Boyle recommended to Centurion, the previous ADCRR health care provider, that Plaintiff be evaluated by Dr. Lott. Plaintiff never saw Dr. Boyle again and Dr. Boyle's recommendation was "ignored." (*Id.*)

Plaintiff continued to submit HNRs regarding a significant number of symptoms, but he was not seen by medical staff again until June 12, 2020, when he was seen by Dr. Breash, a board-certified ENT. Dr. Breash also said that he was unable to address Plaintiff's condition and recommended that Plaintiff be seen by Dr. Lott because of Lott's significant experience in the area. Dr. Breash noted that Plaintiff's airway only opened 3mm whereas the airway of an average adult male opened 15mm, and that numerous complications could arise if the damage to Plaintiff's airway was not repaired. Dr. Breash submitted a recommendation for evaluation by Dr. Lott, but Plaintiff did not see Dr. Breash again and was not evaluated by Dr. Lott.

On October 1, 2022, NaphCare became responsible for providing healthcare for ADCRR prisoners, and "received Plaintiff's medical records from Centurion Inc., at which time [it] became aware of Plaintiff's medical history, his need for specialist care by Dr. Lott, and his other appointments with other ENT specialists who all recommended Dr. Lott to perform the surgery on the Plaintiff." (*Id.* at 6.) Plaintiff continued to report his symptoms to prison medical staff and ask to be seen by Dr. Lott. NaphCare providers denied the requests and told Plaintiff that he had to deal with his symptoms and injury.

On November 1, 2023, August 21, 2024, and January 8, 2025, Plaintiff was taken to appointments with ENT specialists, including two at the Barrow Neurological Medical Center. On November 1, 2023, and August 21, 2024, Plaintiff was seen by two different ENTs who both recommended surgery by Dr. Lott. On January 8, 2025, Plaintiff saw the same ENT as that at his August 21, 2024 appointment, who asked Plaintiff why Plaintiff had been returned to see him after he had specifically recommended that Plaintiff see Dr.

---

[1] Apparently referring to Dr. David Lott, who specializes in otolaryngology. *See* https://azbomv7prod.glsuite.us/glsuiteweb/clients/azbom/Public/Profile.aspx?entID=1721490&licID=603560&licType=1 [https://perma.cc/N2QP-NUJ5].

1 Lott. That doctor said that he was unable to perform the surgery Plaintiff needed and again
2 recommended that Plaintiff be seen by Dr. Lott.

3 On June 21, 2025, following a chronic care visit at which his request to be seen by Dr. Lott was denied, Plaintiff submitted an informal complaint. In response to that informal, Assistant Director of Nursing (ADON) Sarah Bratton stated that Dr. Lott "may not be a contracted provider with NaphCare and ADCRR. We are continuing to monitor you onsite, and the UM Team is aware of any future consults that may need to be placed." (*Id.* at 7.) Plaintiff was told to submit an HNR to see a prison medical provider.

9 Plaintiff timely filed a grievance and received verbatim the same response as that to his informal. Plaintiff filed a timely grievance appeal, which completed the ADC grievance process for medical grievances, and which was denied.

12 Plaintiff has not been seen by Dr. Lott despite the recommendations of four different ENTs and continues to be denied medically appropriate care by onsite NaphCare employees. Plaintiff contends that NaphCare continues to deny medically appropriate treatment of his throat injuries because it is not contracted with a doctor who can evaluate and treat Plaintiff's injuries, resulting in the denial of constitutionally adequate medical care for Plaintiff's serious medical needs.

18 As his injury, Plaintiff alleges difficulty breathing, talking, eating dry foods, and drinking thick liquids; consistent light-headedness, insomnia, and a severe sore throat; serious complications from common illnesses and viruses; and partial hypoxia.

21 In Count II, Plaintiff alleges the following facts:

22 Defendant NaphCare has established and endorsed a widespread custom or policy of denying and delaying certain types of care, specifically, surgeries and specialist consultations by doctors who are not contracted with it to avoid incurring costs for providing such services even when medically appropriate. Plaintiff claims that as a result, NaphCare has denied him constitutionally adequate care for his throat injuries, specifically, evaluation by the only doctor recommended by NaphCare's contracted specialists.

28 Defendant NaphCare will be required to respond to the Complaint.

**TERMPSREF**

### IV. Plaintiff's Motion for Injunctive Relief

Plaintiff seeks a preliminary injunction requiring NaphCare to promptly schedule an evaluation by Dr. Lott of Plaintiff's medical condition and treatment options. He further seeks an injunction requiring NaphCare to comply with care recommended by Dr. Lott and to promptly provide such treatment.

In light of the seriousness of Plaintiff's alleged medical condition, the Court will order expedited personal service upon Defendant. Defendant will be required to answer Plaintiff's motion for a preliminary injunction within 14 business days of service.

### V. Warnings

#### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

#### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these

**TERMPSREF**

warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $30.16.

(3) Plaintiff's motion to exceed the page limit on his motion for preliminary injunction (Doc. 6) is **granted**.

(4) The Clerk of Court must **immediately** electronically send a copy of this Order to Sarah Barnes at slb@bowwlaw.com.

(5) The United States Marshal must, immediately, **personally serve** copies of the Complaint (Doc. 1), the motion for preliminary injunction (lodged Doc. 7), and this Order upon Defendant at the address below:

> NaphCare, L.L.C.
> c/o Sarah Barnes, Esq.
> Broening Oberg Woods & Wilson P.C.
> 2800 N. Central Ave., Ste 1600
> Phoenix, AZ 85004NaphCare Inc.

(6) Within **3 business days after personal service is effected**, the United States Marshal must file a return of service for each Defendant.

(7) The United States Marshal must retain a copy of the Complaint, the motion and this Order for future use.

(8) Within **14 business days** of service of the motion for preliminary injunction, Defendant must file a response to the motion. Plaintiff may thereafter file a reply within **10 business days** after service of the response.

(9) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

TERMPSREF

- 7 -

Rules of Civil Procedure.

(10) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 25th day of September, 2025.

_____
James A. Teilborg
Senior United States District Judge

TERMPSREF